United States District Court
Southern District of Texas
**ENTERED**
October 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANA I REISMANN SEXTON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-3675 |
| | § | |
| KAREN MALONE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Diana I Reismann Sexton, representing herself, has sued more than fifty defendants. Her claims arise out of rulings against her in state-court child custody and divorce proceedings. (Docket Entry No. 1).

In December 2024, the court granted Ms. Reismann Sexton permission to proceed *in forma pauperis* but dismissed her complaint with prejudice as frivolous. (Case No. 4:24-mc-1857, Docket Entry No. 2). The Fifth Circuit later vacated that order, concluding that "the district court failed to provide an adequate explanation for dismissing Sexton's complaint." (Case No. 4:24-mc-1857, Docket Entry No. 15 at 3). In doing so, the Fifth Circuit "express[ed] no opinion as to the plausibility or merits of Sexton's complaint." (*Id.*).

On remand, Ms. Reismann Sexton was granted leave to proceed *in forma pauperis*. (Case No. 4:24-mc-1857, Docket Entry No. 17). The case was then randomly assigned to this judge. Based on Ms. Reismann Sexton's complaint, the submissions in support of her complaint, and the applicable law, the court denies her request for leave to add new parties and dismisses her complaint, with prejudice because amendment would be futile. The reasons are explained below.

I.      **The Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the *in forma pauperis* statute, a court must dismiss a case "at any time" if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).[1]  In contrast to Rule 12(b)(6), the *in forma pauperis* statute "empowers the court to pierce the veil of the complaint's factual allegations if they are clearly baseless." *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  "A district court may summarily dismiss an *in forma pauperis* proceeding 'before service of process or before the filing of the answer' if it is satisfied that the plaintiff has pled his 'best case.'" *Dunsmore v. Barchak*, 3:21-cv-0020, 2022 WL 1653183, at *2 (S.D. Tex. May 11, 2022) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citations omitted)).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may find a claim factually frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  "*Pro se* complaints are liberally construed in favor of the plaintiff, but that does not grant a plaintiff acting *pro se* 'license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Barnett v. Watson*, No. 2:24-cv-00195, 2024 WL 4719889, at *2 (S.D. Tex. Sep. 20, 2024), *report and recommendation adopted*, 2025 WL 2816803 (S.D. Tex. July 22, 2025) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

---

[1] Section 1915(e)(2)(B) "applies equally to prisoner as well as non-prisoner *in forma pauperis* cases." *Lopez v. Trump*, Civ. Action No. 3:25-1093, 2025 WL 2933081, at *1 n.1 (S.D. Tex. Aug. 25, 2025), *report and recommendation adopted*, 2025 WL 2930300 (S.D. Tex. Oct. 15, 2025).

**II.    Analysis**

Ms. Reismann Sexton wants this federal court to intervene in, and grant her relief from orders issued in, state-court child custody and divorce proceedings. She "respectfully request[s] this court to produce an opinion over the unconstitutionality of a highly contested child custody proceedings." (Docket Entry No. 1 at 58).[2] The relief she seeks includes having this federal court require her husband's lawyers in the divorce and custody proceedings to return their attorneys' fees; disbar the prosecutors involved in unspecified proceedings against her; prevent the mental-health provider defendants from occupying public positions; order damages based on the defendants' violations of her constitutional rights and of rights protected by international treaties; and issue a writ of habeas corpus returning her child to her custody. (*Id.* at 59–60).

This court cannot provide Ms. Reismann Sexton with the relief she seeks. As to the request for habeas relief, "the United States Supreme Court has expressly held that federal habeas remedies will not lie for challenges to state actions removing the custody of children from their biological parents." *Galyeon v. Dep't of Child and Fam. Protective Servs.*, No. 6:21cv189, 2021 WL 2372889, at *2 (E.D. Tex. May 13, 2021), *report and recommendation adopted*, 2021 WL 2371230 (E.D. Tex. June 9, 2021) (citing *Lehman v. Lycoming Cnty. Children's Servs.*, 458 U.S. 502 (1982)).

To the extent that Ms. Reismann Sexton is seeking damages and injunctive relief against the defendant state court judges[3] for their involvement in the child custody, divorce, and

---

[2] Because the complaint does not clearly distinguish paragraphs, the court uses page numbers rather than paragraphs when referencing the complaint.

[3] Among the named defendants is Judge Terence Kern, a senior United States District Judge for the Northern District of Oklahoma. (Docket Entry No. 1 at 1). Although the complaint asserts that Judge Kern presided over some hearings (*Id.* at 11), it fails to clarify how or why Judge Kern was involved in a state court child custody and divorce dispute. The motion to add new parties asserts that he was a "visitor Federal Judge." (Docket Entry No. 10 at 3).

3

unspecified criminal proceedings against her, those challenges are barred by a variety of doctrines, including judicial immunity and *Younger* abstention.[4] *See Thomas v. State*, 294 F. Supp. 3d 576, 593–603 (N.D. Tex. 2018), *report and recommendation adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (applying judicial immunity and *Younger* abstention to a dismissal of the plaintiff's attack on state court child custody orders and state criminal proceedings); *Camacho v. Torres*, No. 1:21-cv-146, 2023 WL 4602772, at *7–*9 (S.D. Tex. June 6, 2023), *report and recommendation adopted*, 2023 WL 4602722 (S.D. Tex. July 18, 2023) (collecting cases applying *Younger* abstention and the *Rooker-Feldman* doctrine to federal court challenges to state court child custody and family law disputes). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). This court cannot order damages against the judges, who were acting in their official capacities, and cannot interfere with the state-court proceedings.[5]

Nor can this court grant Ms. Reismann Sexton the relief she seeks against Brian Middleton, the Fort Bend County District Attorney, and the assistant district attorneys she sues for pursuing "false cases" and "a false order" against her.[6] (Docket Entry No. 1 at 22, 26, 27, 30). Neither Ms.

---

[4] Most of the allegations against the judges are for perjury and other purported misconduct that occurred during court proceedings involving Ms. Reismann Sexton. (*See, e.g.*, Docket Entry No. 1 at 28). However, some of the judges appear to be named as defendants alternatively or only because of their alleged participation in "local bonding system research." (*Id.* at 35) (emphasis omitted). Even construed liberally, Ms. Reismann Sexton has not asserted facts or legal theories that could support damages or injunctive relief against these judges she has sued for their participation in this "research."

[5] There is no indication that Ms. Reismann Sexton did not have the opportunity to litigate her constitutional challenges in state court, as required to overcome *Younger* abstention. Nor has Ms. Reismann Sexton demonstrated that she has met the requirements for *Younger*'s bad-faith exception. *See Thomas*, 294 F. Supp. at 594–96 (concluding that *Younger* abstention applied because the plaintiff had an opportunity to raise her constitutional challenges in state court and because the bad-faith exception did not fit the facts of the case).

[6] Ms. Reismann Sexton requests that the court disbar the prosecutors, which the court has no basis to do. (Docket Entry No. 1 at 59). Otherwise, her complaint is best construed as requesting damages (rather than

4

Reismann Sexton's complaint nor the materials she submits in support make the nature of the "false cases" entirely clear. Regardless, "it is well settled in the Fifth Circuit that district attorneys and assistant district attorneys sued in their official capacities are state officials, not local, for purposes of liability arising out of their prosecutorial decisions and are therefore entitled to Eleventh Amendment immunity." *Franklin v. City of Paris Police Dep't*, Civ. Action No. 4:22-cv-161, 2023 WL 5734935, at *3 (E.D. Tex. Aug. 3, 2023), *report and recommendation adopted*, 2023 WL 5725520 (E.D. Tex. Sep. 5, 2023). To the extent that the complaint can be construed as asserting claims against these parties in their individual capacities, prosecutorial immunity bars those claims. *Id.* at *4. "Prosecutors are entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that they acted 'maliciously, wantonly, or negligently.'" *Thomas*, 294 F. Supp. at 605 (quoting *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987)). Because Ms. Reismann Sexton's allegations against the prosecutors are for acts "taken during the course and scope of their duties as prosecutors, they are entitled to prosecutorial immunity for them." *Id.*

The court also concludes that Ms. Reismann Sexton's remaining claims against the other lawyers, the mental-health specialists, the court employees, and the members of the sheriff's office are factually as well as legally frivolous.[7] Ms. Reismann Sexton primarily asserts that these parties

---

injunctive relief) against the prosecutors based on the asserted violation of her constitutional rights and of rights protected by international treaties. (*Id.* at 60).

[7] Ms. Reismann Sexton also sues President Joe Biden and Vice President Kamala Harris as "responsible for allowing U.S. government employees [to] torture [her] and her child." (Docket Entry No. 1 at 35). Ms. Reismann Sexton's allegations concern state employees and state policies, not federal employees or federal policies. The claims against President Biden and Vice President Harris are also dismissed as legally and factually frivolous.

engaged in a conspiracy to control her and her child and to deprive her of her constitutional rights.[8] (*See, e.g.*, Docket Entry No. 1 at 17, 38–39). These claims are based on allegations that her husband's lawyer and a public defender committed perjury, that a large number of court documents and videos were tampered with by several different parties, and that the medical records were "filled with lies." (*See, e.g.*, *id.* at 12, 14, 20, 21, 22, 23, 26, 27, 33, 36, 38, 40, 42, 43, 45, 46). The court concludes that her claims, which are premised on assertions that almost every defendant lied and that all the evidence supporting her claims was deleted or altered, are factually frivolous because they "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Additionally, to the extent that Ms. Reismann Sexton appears to separately assert criminal claims against these defendants, those are frivolous as well because she cannot assert criminal claims in this civil action. *Partalatin v. Cavalie*, No. 4:24-cv-1166, 2025 WL 1959351, at *7 (N.D. Tex. June 27, 2025), *report and recommendation adopted*, 2025 WL 1953853 (N.D. Tex. July 16, 2025) ("Private citizens do not have the right to bring a private action under a federal criminal statute." (quoting *Sappore v. Arlington Career Inst.*, No. 3:09-cv-1671, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010))). The dozens of exhibits that Ms. Reismann Sexton submitted do not alter the court's conclusion that these claims are factually and legally frivolous and must be dismissed.[9]

Finally, the court denies Ms. Reismann Sexton's motion to add yet another of her ex-husband's lawyers as a party. (Docket Entry No. 10). She argues that the lawyer, Karleana Farias, defamed her, deprived her of her parental rights, conspired to alienate and endanger her child, violated her due process rights, and made public inquiries about her religion. (*Id.* at 14). To the

---

[8] The asserted legal bases for relief against these parties include 42 U.S.C. § 1985, several statutes and treaties regarding torture, and multiple criminal statutes. (*See, e.g.*, Docket Entry No. 1 at 3, 17, 45, 51).

[9] The court reviewed the allegedly tampered audio and video files that Ms. Reismann Sexton submitted. These files do not alter the court's conclusion that her claims are factually and legally frivolous.

6

extent that Ms. Reismann Sexton appears to request that she be allowed to assert claims for constitutional violations against Ms. Farias under 42 U.S.C. § 1983, she cannot do so because Ms. Farias is not a state actor. *See Vanderbol v. Tuller*, No. 4:18-cv-882, 2019 WL 5691818, at *15 (E.D. Tex. Aug. 26, 2019). Nor is there a basis for a defamation claim based on Ms. Farias's request, which Judge Morgan granted, to find that Ms. Reismann Sexton is a vexatious litigant. (*Id.* at 12). And the claims based on Ms. Farias's actions in the state proceedings are blocked by attorney immunity. *See Elliot v. Tucker*, No. 4:22-cv-135, 2022 WL 17722672, at *9 (N.D. Tex. Nov. 29, 2022), *report and recommendation adopted*, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022) (applying attorney immunity to a plaintiff's attempt to sue the lawyer for her children's father in federal court for actions the lawyer took in a state court child custody case). Because Ms. Reismann Sexton does not identify viable claims against Ms. Farias, the court denies Ms. Reismann Sexton's request to add her as a party.

### III.   Conclusion

Ms. Reismann Sexton's complaint, (Docket Entry No. 1), is dismissed with prejudice, because amendment would be futile. Her motion to add new parties, (Docket Entry No. 10), is denied. Her motions for summary judgment, (Docket Entry No. 2), to authorize her to serve the defendants via CD, (Docket Entry No. 8), and to change the pre-trial conference date, (Docket Entry No. 11), are denied as moot. Final judgment is entered by separate order.

SIGNED on October 30, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge